UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ULYSSES MOYE,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0487 AS |
| | ) | |
| **EDWARD BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about August 15, 2005, *pro se* petitioner, Ulysses Moye, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 25, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Also filed manually on January 25, 2006 was the state court record which was actually received in the Clerk's Office of this court on January 30, 2006.

As a starting point, it helps to consider the unpublished memorandum decision of the Court of Appeals of Indiana entered August 30, 1999 authored by then Chief Judge Sharpnack and concurred in by Judges Darden and Robb. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. There was no effort to seek transfer to the Supreme Court of Indiana. Of further moment is another unpublished memorandum decision of the Court of Appeals

of Indiana, entered March 23, 2005 authored by Chief Judge Kirsch and concurred in by Judges Najam and Vaidik.  Said decision is marked as Appendix "B", attached hereto and incorporated herein. The petitioner sought transfer to the Supreme Court of Indiana, and said court denied transfer on May 12, 2005.  A Traverse and Memorandum in very good legal form and consisting of 20 pages were filed by this pro se petitioner on March 16, 2006. .

In 1999, this petitioner was convicted in Vandenburgh County, Indiana of nine counts of child molesting and four counts of intimidation. The sentences imposed in that Evansville, Indiana court were an aggregate 49 years.  At the very outset, it is extremely important to note the unanimous decisions of the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002).  A follow-up decision of some moment is *Price v. Vincent*, 538 U.S. 634 (2003), *reversing Vincent v. Jones*, 292 F.3d 506 (6th Cir. 2002).  Recently in this circuit, *see Charleton v. Davis*, No. 05-2029 (7th Cir. February 28, 2006).

It is obvious in this circuit that *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) must be taken seriously.  *See Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004).  This court is in agreement with the Attorney General of Indiana with regard to the importance of and the non-compliance with *Boerckel* in this record.  This court is well aware that generally the violations of state law are not the focus in these proceedings.  *See Estelle v. McGuire*, 502 U.S. 62 (1991). The Attorney General is correct that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 540 U.S. 965 (2004) are not retroactively applied to

2

petitions brought under 28 U.S.C. §2254. *See Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) and *Reynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). The evidence appears sufficient here under *Jackson v. Virginia*, 443 U.S. 307 (1979). The ineffective assistance of counsel claim here must be examined under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) as embodied in *Williams v. Taylor*, 529 U.S. 362 (2000). The Court of Appeals of Indiana carefully considered this issue and got it correctly. Given the emphatic teaching of *Early* and *Woodford* and its progeny, this court cannot gainsay the decision of the Court of Appeals of Indiana in that regard. *See also Davis v. VanNatta*, No. 04-2349 (7th Cir. February 9, 2006).

     This court has given close attention to the well-stated memorandum of Mr. Moye filed on March 16, 2006. This court has been here long enough to realize that over the last few decades the law dealing with constitutional claims by state prisoners in federal court has gone through a literal sea change including the passage of a major statute of the United States which finally went into effect on April 24, 1997. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). It should be noted here that this court is not bottoming any decision here under the concept of harmless error. Certainly the pre-1997 cases cited here by this petitioner are interesting background, but to be utterly frank, are not quite up to date. To be fair with this petitioner, he has indeed cited some more recent cases on the issue of ineffective assistance of counsel including *Blakely* which it has already been said is not retroactively applicable to this case.

3

Notwithstanding the very satisfying technical quality of his presentation, the same does not persuade this court on the basis of <u>current</u> statutory standards as well as those recently decided by the Supreme Court of the United States and Court of Appeals in this circuit.  For those reasons, the petitioner has failed to present a basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  March 20, 2006

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**