UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ULYSSES MOYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 3:05-CV-487 AS |
| ) | |
| ) | |
| CECIL DAVIS, ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On April 7, 2006, Mr. Moye filed a Petition for Certificate of Appealability ("CA"), and a motion to proceed *in forma pauperis* on appeal. When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Moye's petition raised four claims. His first claim, that the charging information

and the jury instructions improperly discussed the element of intent, was denied because it were procedurally waived in the state court constituting an adequate and independent state ground for the waiver. His second and third claims were that the aggravating factors used to justify maximum sentences are improper, and that there was insufficient evidence to support a finding of guilt. These claims were denied because, although he raised them on direct appeal, he failed to file a petition to transfer in the Indiana Supreme Court, thereby procedurally defaulting these claims. His fourth claim of ineffective assistance of trial counsel was denied because the state court correctly applied the standard in *Strickland* when finding that counsel was ineffective.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed *in forma pauperis*. Because Mr. Moye's petition was dismissed and, this appeal is not taken in good faith because it has no merit. *See*

*Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000). Accordingly, the motion to proceed

*in forma pauperis* is **DENIED**.

    SO ORDERED.
    ENTERED: April 25, 2006

                                        S/ ALLEN SHARP
                                    ALLEN SHARP, JUDGE
                                    UNITED STATES DISTRICT COURT